Filed 3/3/16 Michelle B. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHELLE B.,<br>　　　Petitioner, | F072750 |
| v. | (Super. Ct. No. JD132039-00) |
| THE SUPERIOR COURT OF KERN COUNTY,<br>　　　Respondent; | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br>　　　Real Party in Interest. | |
| DAVID L.,<br>　　　Petitioner, | F072751 |
| v. | (Super. Ct. No. JD132039-00) |
| THE SUPERIOR COURT OF KERN COUNTY,<br>　　　Respondent; | |
| | **ORDER** |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br>　　　Real Party in Interest. | |

## THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review. Gerard Walbaum, Temporary Judge.

Michelle B., in pro. per, for Petitioner Michelle B.

David L., in pro. per, for Petitioner David L.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]　　Before Levy, Acting P.J., Franson, J. and Smith, J.

Petitioners Michelle B. and David L. seek extraordinary writ relief from the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst. Code[1], § 366.21, subd. (f)) terminating reunification services and setting a section 366.26 hearing as to their five-year-old daughter Mary. They ask for additional time to complete their court-ordered services. On our own motion we consolidate the petitions in our case numbers F072750 and F072751. We conclude they failed to raise a claim of juvenile court error and dismiss their petition as inadequate for our review.

## FACTUAL AND PROCEDURAL SUMMARY

In March 2014, the juvenile court exercised its dependency jurisdiction over then three-year-old Mary after sustaining allegations that Michelle and David failed to protect her from her paternal uncle (hereafter "the uncle") who had a known history of sexual abuse and had been convicted of lewd and lascivious acts with a child under the age of 14. The juvenile court allowed Mary to be placed in David's custody under family maintenance and ordered reunification services for Michelle. The court ordered that Mary was to have no contact with her uncle.

In September 2014, the Kern County Department of Human Services (department) removed Mary from David's custody after discovering that the uncle had been allowed in the home to do his laundry. The department filed a supplemental petition (§ 387), which the juvenile court sustained. The court ordered Mary removed from David's custody and ordered reunification services for him. At a separate hearing, the juvenile court continued reunification services for Michelle.

In November 2015, the juvenile court conducted a 12-month review hearing. By that time, Mary had been placed with a paternal great aunt and uncle who were willing to adopt her if reunification efforts failed. The department recommended the juvenile court terminate David's and Michelle's reunification services for lack of compliance. David

---

**1** Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

had failed to participate in court-ordered sexual abuse and substance abuse services and to submit to random drug testing.  Michelle delayed in enrolling in sexual abuse counseling and was not expected to complete it until April 2015.  She was scheduled to begin substance abuse treatment in March 2015 and had either failed to drug test or tested positive.

The juvenile court terminated David's and Michelle's reunification services at the 12-month review hearing and set a section 366.26 hearing.  David personally appeared with his attorney who submitted the matter.  Michelle appeared through her attorney who objected to the department's recommendation without evidence.

This petition ensued.

## DISCUSSION

### *Inadequate Petition*

The purpose of writ proceedings such as these is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child.  (Cal. Rules of Court, rule 8.450(a).)  A juvenile court's decision is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l* )(1).)  This court will not independently review the record for possible error.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

David and Michelle seek a remedy (i.e. continued services) but do not argue the juvenile court erred in ruling as it did.  As a result, we must dismiss the petition as facially inadequate for review.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is immediately final forthwith as to this court.

3